UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL T. HAYES,<br><br>             Petitioner,<br><br>v.<br><br>RANDY VALLEY,<br><br>             Respondent. | Case No. 1:25-cv-00505-DCN<br><br>**INITIAL REVIEW ORDER** |

      Petitioner Michael T. Hayes has filed a Petition for Writ of Habeas Corpus challenging a state court conviction. *See Pet.*, Dkt. 3. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Having reviewed the record, and otherwise being fully informed, the Court enters the following Order allowing Petitioner to proceed on some of the claims in the Petition.

## REVIEW OF PETITION

### 1.    Background

      In a jury trial in the Fourth Judicial District Court in Ada County, Idaho, Petitioner was convicted of assault or battery on certain personnel, in violation of Idaho Code § 18-915. The judgment of conviction was entered on November 20, 2017. Petitioner was sentenced to two-and-a-half years in prison, to be served consecutively to the sentence

INITIAL REVIEW ORDER - 1

Petitioner was already serving.[1] *Pet*. at 1–2; *State v. Hayes*, 462 P.3d 1110, 1114 (Idaho 2020). Petitioner unsuccessfully pursued a direct appeal as well as state post-conviction remedies. *Pet*. at 2–3.

The Court construes the instant Petition as asserting the following claims[2]:

Claim 1: Ineffective assistance of trial counsel based on counsel's actions with respect to (a) "suppress[ing]" certain medical records; (b) failing to subpoena or call witnesses as requested by Petitioner, and failing to subpoena or call a medical expert such as April Dawson; (c) "suppress[ing]" 148 exhibits; (d) limiting Petitioner's trial testimony; (e) failing to utilize certain documents turned over by the prosecution during discovery; (f) failing to file notices of disclosure during discovery; (g) failing to file a motion to disqualify the judge; (h) failing to object to the prosecution's eliciting false testimony; and (i) failing to object to the prosecutor's statement in closing argument that Petitioner was not the victim and did not have serious injuries.

Claim 2: Prosecutorial misconduct by (a) eliciting false evidence and perjury from a state's witness; and (b) conspiring with Petitioner's defense counsel to cover up or suppress certain medical records in violation of *Brady v. Maryland*.

Claim 3: Ineffective assistance of direct appeal counsel for failing to raise issues of (a) prosecutorial misconduct; (b) ineffective assistance of trial counsel; and (c) improper admission of character evidence.

---

[1] The United States Supreme Court has held that a prisoner serving consecutive sentences "is 'in custody' under any one of" those sentences for purposes of the requirement that a habeas petitioner must be in custody at the time he files a habeas petition. *Peyton v. Rowe*, 391 U.S. 54, 67 (1968) (holding that prisoners incarcerated under consecutive state-court sentences may seek habeas relief from sentences they had not yet begun to serve); *see also Garlotte v. Fordice*, 515 U.S. 39, 41 (1995) (holding that a petitioner may "attack a conviction underlying the sentence that ran first in a consecutive series, a sentence already served, but one that nonetheless persists to postpone [the petitioner's] eligibility for parole").

[2] The Court has reorganized some of Petitioner's claims to more accurately reflect the assertions in the Petition and has added alphanumeric identifiers to Petitioner's claims for ease of reference. If the Court's construction of any claim is incorrect, or if the Court has inadvertently omitted a claim, Petitioner must inform the Court and Respondent of all corrections within 28 days after entry of this Order.

          Claim 4:        The trial court committed error in Petitioner's post-conviction proceedings.

*Id.* at 6–51. At various points in the Petition, Petitioner also alleges violations of Idaho state law.

**2.    Discussion**

The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[3] *Id.*

Federal habeas corpus relief is available to prisoners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). Habeas relief is not available for violations of state law, such as claims of error during state post-conviction proceedings. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam). Accordingly, Claim 4—which asserts post-conviction error—will be dismissed as noncognizable, as will all of Petitioner's state law claims.

A petitioner must "exhaust" his state court remedies before pursuing a claim in a

---

[3] However, a court undertaking a Rule 4 review is not *required* to comb through a Petitioner's exhibits or other documents—such as memoranda, affidavits, or the petitioner's state court briefing—to determine whether a petitioner may proceed past initial screening. Nor is a respondent required to consider or address such documents when responding to the petition. This is because, under Habeas Rule 2(c), the petition must "specify all the grounds for relief available to petitioner" and "state the facts supporting each ground." That is, a habeas petitioner must include—in the petition *itself*—"all of the information necessary to adjudicate that Petition." *Sivak v. Christensen*, No. 1:16-CV-00189-BLW, 2018 WL 4643043, at *2 n.3 (D. Idaho Sept. 27, 2018) (unpublished). Therefore, the Court has considered only the Petition itself (Dkt. 3) in its Rule 4 review, not the other documents attached to the Petition.

federal habeas petition. 28 U.S.C. § 2254(b). To properly exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

If, in this case, Petitioner did not properly exhaust his claims in the Idaho Supreme Court before filing his federal Petition, he may face procedural challenges from Respondent. The Court does not have the full record before it to determine whether Petitioner has properly exhausted his claims. The Court will order the Clerk of Court to serve the Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal and will be ordered to provide a copy of relevant portions of the state court record to this Court.

Accordingly, Petitioner may proceed on the Petition to the extent that the claims (1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or are subject to a legal excuse for any failure to exhaust in a proper manner. At this time, the Court expresses no opinion as to whether any of these issues applies to any of Petitioner's claims.

## MOTION FOR APPOINTMENT OF COUNSEL

Petitioner has requested appointment of counsel. *See* Dkt. 8. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in the case. *See* Habeas Rule 8(c). In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where

required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on the petitioner's ability to articulate the claims in light of the complexity of the legal issues and the petitioner's likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

At this point, the Court concludes that, based on the evidence currently in the record (Dkt. 1), it is unlikely that Petitioner will be able to meet the strict standards of 28 U.S.C. § 2254(d) for issuance of a writ of habeas corpus. Therefore, at this time the Court will deny the request for appointment of counsel. The Court will notify the parties if it determines, at a later date, that appointment of counsel may be appropriate.

## ORDER

**IT IS ORDERED:**

1. Petitioner's request for appointment of counsel (Dkt. 8) is DENIED without prejudice.

2. Petitioner's Motion for Case Status Update (Dkt. 9) is MOOT with the issuance of this Initial Review Order. If Petitioner intends to seek an evidentiary hearing as stated in the Motion for Case Status Update, he must file a separate motion requesting such a hearing.

3. Petitioner may proceed on his federal claims set forth in Claims 1 through 3 of the Petition. Claim 4 and all of Petitioner's state law claims are DISMISSED with prejudice.

4. The Clerk of Court will serve (via ECF) a copy of the Petition (Dkt. 1), along with any attachments, together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

5. Within 120 days after service of the Petition, Respondent may file either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer on the merits if the motion is unsuccessful); or (2) an answer on the merits that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). The Court may consider the merits of claims that may be subject to a procedural bar if the merits analysis is more straightforward than a complicated procedural analysis.

6. Respondent must file with the responsive pleading or motion, or within a reasonable time thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations—which must be provided to the Court if the petition contains any sentencing claims—must be filed under seal. It is presumed that Petitioner has a copy of the state court record from his previous counsel. If Petitioner does not, Petitioner may file a motion to obtain relevant portions of the record, wherein

        Petitioner must state which portions of the state court record Petitioner does possess.

7. If the response to the habeas petition is an answer, Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

8. If the response to the habeas petition is a motion, Petitioner's response must be filed and served within 28 days after service of the motion, and Respondent's reply, if any, must be filed and served within 14 days thereafter.

9. In the response to the habeas petition, whether a pre-answer motion or an answer and brief, Respondent must include citations to all portions of the state court record that support Respondent's assertions. Although Respondent may include citations to a state appellate court decision that describes events that took place in a lower court, Respondent must also include citations to the underlying lower court record.

10. If any of Petitioner's claims is currently under consideration in state court proceedings, any party may file a motion to stay this case pending the outcome of those proceedings. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005); *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016).

INITIAL REVIEW ORDER - 7

11. No party may file supplemental responses, replies, affidavits, or other documents not expressly authorized by the Local Rules or by this Order without first obtaining leave of Court.

12. No discovery may be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Habeas Rules.

13. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. The Court will notify the parties if additional briefing is required on any issue.

14. Each party must ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a

copy of the document to the other party to the litigation.)

15. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

16. Petitioner must at all times keep the Court and Respondent advised of any change in address.

17. If Petitioner's custodian changes at any point during this litigation, Petitioner must file a Notice of Substitution of Respondent, within 28 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Habeas Rule 2(a).

DATED: February 5, 2026

_____
David C. Nye
U.S. District Court Judge